UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELVA JASSO and JESUS AVALOS, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-3253 |
| § | |
| FEDERAL NATIONAL MORTGAGE a/k/a § | |
| FANNIE MAE and N. SANCHEZ, § | |
| SUBSTITUTE TRUSTEE, § | |
| § | |
| Defendants. | |

**OPINION AND ORDER**

Pending before the Court is Defendant Federal National Mortgage Association a/k/a Fannie Mae's ("Fannie Mae") motion to dismiss Plaintiffs Elva Jasso and Jesus Avalos' original petition. Doc. 6. Defendant N. Sanchez also has filed a motion to dismiss (Doc. 19) but, for reasons the Court will discuss, Sanchez was improperly joined in this case and his motion to dismiss is moot. Fannie Mae has moved to dismiss under Rule 12(b)(6) on the grounds that Plaintiffs' original petition failed to state a claim. Doc. 6 at 1; Doc. 19 at 1.

Having considered Defendants' motion, the facts of this case, and the applicable law, the Court finds that Defendant Fannie Mae's motion to dismiss should be granted.

I. Background

Plaintiffs Elva Jasso and Jesus Avalos, citizens of Texas, have sued Defendant Fannie Mae, "a government authorized enterprise" with its principal place of business in Washington, D.C., and Defendant Sanchez, a citizen of Texas, to quiet title and obtain injunctive relief. Doc. 1 at 2-3; Doc. 1-1 at 5-10. As alleged in their original petition, Plaintiffs purchased a home in Houston, Texas on October 24, 2007. Doc. 1-1 at 6. Plaintiffs secured the purchase with a

promissory note from Silverstone Mortgage and, upon closing, "received a Notice of Assignment, Sale or Transfer of Servicing Rights naming Chase Bank . . . as the loan servicer." *Id.* On November 16, 2010 Brian Bly, purportedly acting as a vice president for Chase, signed an assignment of the note and deed of trust from JPMorgan Chase Bank, N.A. ("Chase") to Mortgage Electronic Registration Systems, Inc. ("MERS") "as nominee for" Fannie Mae. *Id.* at 7, 13. Plaintiffs allege that Bly is a robo-signer,[1] Bly lacked "authority to assign the note on behalf of Chase," Bly worked for Nationwide Title Clearing rather than Chase,[2] and "Chase did not hold ownership rights to the note or security interest as it was only the servicer on the account." *Id.* at 7-8. On April 6, 2011, MERS assigned the deed of trust to Fannie Mae. *Id.* at 7. Although Plaintiffs did not state as much, it appears that they defaulted on their loan. On June 7, Sanchez executed a substitute trustee's deed purporting to transfer the property from Fannie Mae as mortgagee to Fannie Mae as buyer for $134,584.20. *Id.* at 7-8; *see also id.* at 22.

On August 22, Plaintiffs filed suit in the 281st Judicial District of Harris County against Fannie Mae and Sanchez seeking to quiet title in their home, rescission of the June 7th substitute trustee's deed, a temporary restraining order "to prevent [Fannie Mae and Sanchez] from evicting Plaintiffs from their home, marketing, or selling the home until [the] suit is resolved by a trial on the merits," a temporary injunction "against [Fannie Mae and Sanchez] restraining any party from evicting Plaintiffs or from marketing or selling home pending a full trial on the merits," and actual damages. *Id.* at 5, 7-10. Plaintiffs contend that since the December 3, 2010, assignment from Chase to MERS "was ineffective," "[a]ll subsequent transfers are void," "the

---

[1] "The staff used by US banks to sign off on foreclosures have been dubbed 'robo signers' for the speed with which they rubber-stamped mortgage documents without checking their accuracy." Julia Kollewe, *Q&A: What Are Mortgage Foreclosure 'Robo Signers'?*, THE GUARDIAN (London), Oct. 14, 2010, http://www.guardian.co.uk/business/2010/oct/14/what-are-us-foreclosure-robo-signers.

[2] Plaintiffs attached a portion of a deposition from a Florida suit in which Bly "admit[s] to signing as Vice President of numerous banks while employed by Nationwide Title Clearing." Doc. 1-1 at 7; *see also id.* at 15-16.

appointment of substitute trustee N. Sanchez [was] ineffective and void," and thus Fannie Mae's June 7th substitute trustee's deed should be rescinded. *Id.* at 7-8. The 281st Judicial District of Harris County granted Plaintiffs' request for a temporary restraining order on August 22. *Id.* at 33-34.

On September 1, pursuant to 28 U.S.C. § 1446(a), Fannie Mae removed this case to federal court on diversity jurisdiction grounds.[3] Doc. 1. In its notice of removal, Fannie Mae contended that "Plaintiffs have no independent claims against Sanchez" and that Sanchez was improperly joined to defeat diversity jurisdiction. *Id.* at 3-4. On September 13, Fannie Mae filed a motion to dismiss Plaintiffs' original petition on the grounds that it "fail[s] to state a claim upon which relief can be granted." Doc. 6 at 1.

II. Legal Standard

A. Federal Diversity Jurisdiction & Improper Joinder

Federal district courts have original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). The citizenship of a corporation in the United States is determined by the state under whose laws the entity was organized or where it has its principal place of business. 28 U.S.C. § 1332(c). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court "to the

---

[3] Fannie Mae's notice of removal also states that "[r]emoval is based on federal question jurisdiction." Doc. 1 at 1. Fannie Mae failed to explain the basis of any potential federal question jurisdiction in its notice of removal, and no federal question appears on the face of the charge. *See id.* at 2-7. *See also* Doc. 1-1 at 5-11. Because there is complete diversity and because the amount in controversy is greater than $75,000, the Court proceeds under the authority of 28 U.S.C. § 1332(a).

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined."[4] *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The Fifth Circuit has made it clear that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

B. Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009),

---

[4] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1441 and 1332. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1, 572-73 (5th Cir. 2004).

the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

### III. Analysis

In their original petition, Plaintiffs assert causes of action to quiet title against Fannie Mae and Sanchez and seek rescission of the June 7th substitute trustee's deed and other injunctive relief. Doc. 1-1 at 7-10. Plaintiffs allege that because the December 3, 2010 assignment from Chase to MERS "was ineffective," "[a]ll subsequent transfers are void," "the appointment of substitute trustee N. Sanchez [was] ineffective and void," and thus Fannie Mae's June 7th substitute trustee's deed should be rescinded. *Id.* at 7-8.

#### A. Federal Diversity Jurisdiction & Fraudulent Joinder

Plaintiffs asserted claims against Sanchez in their original petition. Doc. 1-1. In its notice of removal, Fannie Mae claimed that Sanchez "has been fraudulently joined" because "Plaintiffs

have no independent claims against Sanchez," Sanchez is an agent of Fannie Mae and "only the citizenship of the principal is considered in assessing diversity of citizenship," and "Texas law provides that substitute trustees are not proper parties in an action challenging the propriety of mortgage foreclosures." Doc. 1 at 3-4 (citations omitted). Plaintiffs have not filed a motion to remand nor responded to Fannie Mae's arguments in any way. In addition, in the joint discovery/case management plan, which Plaintiffs signed and submitted to the Court, the parties agreed that "[t]his Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332" and that they "agree as to jurisdiction." Doc. 15 at 1-2. As a result, Plaintiffs have expressed no opposition and appear to consent to Sanchez's dismissal. Regardless, Plaintiffs have failed to allege adequately any cognizable claims against Sanchez. Plaintiffs' claim is to quiet title and to assert the superiority of their title over Fannie Mae's. Doc. 1-1 at 7-8. Sanchez has claimed no interest in the contested property. Doc. 19 at 2. Plaintiffs therefore would be unable "to establish a cause of action against [Sanchez] in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646-47). Sanchez must be dismissed. Because complete diversity exists between the remaining parties and because the amount in controversy–the value of Plaintiffs' home–is greater than $75,000, the Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

### B. Suit to Quiet Title

In their response to Fannie Mae's motion to dismiss, Plaintiffs summarized their claim to quiet title, stating that they:

> . . . alleged in their petition that Chase's assignment of rights were invalid, broke the chain of title, and thus began a series of events that on its face appeared valid but ultimately led to multiple void/ineffective transfers. Put simply, Chase could not assign rights it did not own. All subsequent transfers were ineffective . . . . Fannie Mae was not the rightful owner of the note or deed of trust at the time of the foreclosure and therefore Plaintiffs are entitled to quiet title to the subject

property.

Doc. 12 at 2. At the outset, the Court notes that "[u]nder Texas law, absent circumstances not relevant here, assignments are contracts that are only enforceable by parties to the contract." *Hazzard v. Bank of Am. NA*, No. C-12-127, 2012 WL 2339313, at *3 (June 19, 2012) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam); *Univ. of Texas Med. Branch v. Allan*, 777 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1989, no writ); *Pagosa Oil and Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 209-14 (Tex. App.—El Paso 2010, pet. denied)). Thus, "a nonparty to the mortgage assignment . . . does not have standing to contest it." *Id.* (citing *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194 (S.D. Tex. Aug. 18, 2011); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, at *5 (E.D. Tex. Apr. 28, 2011)). Since Plaintiffs were not parties to the assignment, they have no standing to contest the validity thereof.

Even if they had standing, however, Plaintiffs' suit to quiet title fails. "A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *5 (W.D. Tex. July 25, 2011) (citing *Poretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). "The suit 'enables the holder of feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Id.* (quoting *Thomson v. Locke*, 66 Tex. 383, 389, 1 S.W. 112 (1886)). "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Id.* (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). "In other words, the plaintiff must recover on the strength of his or her title, not the

weakness of his adversary's." *Id.* (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)).

Here, Plaintiffs do no more than attack the validity of Fannie Mae's deed and fail to allege specific facts supporting the validity of their own deed "'with sufficient certainty.'" *Id.* (quoting *Wright*, 26 S.W.3d at 578). Plaintiffs' complaint fails as a result. *Accord id.* ("[B]ecause of the dearth of factual allegations, [Plaintiff] has failed to state a claim to quiet title.") (citing *Disanti v. Mortg. Elec. Registration Sys., Inc.*, No. 4:10-CV-103, 2010 WL 3338633, at *3 (E.D. Tex. Aug. 24, 2010) ("Because Plaintiff has failed to allege that he owns superior title to the Property, his claim to quiet title should be dismissed.")).

C. Injunctive Relief

Because Plaintiffs' substantive claim fails, they are not entitled to injunctive relief. Their request for a temporary restraining order and temporary injunction therefore is denied.

IV. Conclusion

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Sanchez was improperly joined in this action and therefore is dismissed. Further, the Court

**ORDERS** that Defendant Sanchez's motion to dismiss Plaintiffs' original petition (Doc. 19) is moot. Further, the Court

**ORDERS** that Defendant Fannie Mae's motion to dismiss Plaintiffs' original petition (Doc. 6) is GRANTED.

SIGNED at Houston, Texas, this 12th day of September, 2012.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE